UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RONALD JAMES ST JULIEN**     **CASE NO. 6:18-CV-00099 SEC P**
**#612311**

**VERSUS**     **JUDGE JAMES**

**GOVERNMENT OF IBERIA**     **MAGISTRATE JUDGE WHITEHURST**
**PARISH**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Ronald James St. Julien, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 23, 2018. [Rec. Doc. 1] His Complaint was stricken from the record on April 4, 2018, due to his failure to pay the filing fee or submit an application to proceed *in forma pauperis*. [Rec. Doc. 6] That order was vacated on July 3, 2018, and Plaintiff was give thirty (30) days to comply with the Court's order. [Rec. Doc. 11] On July 11, 2018, plaintiff filed an Amended Complaint [Rec. Doc. 12] and Motion to Proceed in forma pauperis [Rec. Doc. 13], which was granted on July 13, 2018 [Rec. Doc. 15].

At the time of the filing of this suit, Plaintiff was incarcerated at the Iberia Parish Jail in New Iberia, Louisiana. He complains that "tainted police officers employed by the Parish of New Iberia LA were used to convict" him in November 2013. He names only the Iberia Parish Government as a defendant and seeks

monetary damages, as well as "full relief of conviction." [Rec. Doc. 12, p. 4] This complaint has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## I.   Background

Plaintiff contends that in November 2013, "tainted" police officers, employed by the Parish of New Iberia, submitted evidence and statements to Judge Keith Comeaux, in the Sixteenth Judicial District, that lead to his conviction.  In 2016, these officers were convicted of federal crimes.  Based on the officers' convictions, plaintiff contends that his civil rights were violated.  Moreover, he argues that he was never advised by the Court or by his public defender of his right to post conviction relief.

## II.   Law and Analysis

### A.  Screening

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);  28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall

review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply

3

because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); see *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### B. *Limitations*

The district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state

4

in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir. 1983).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). While Plaintiff's Complaint does not provide many details regarding the conviction of the police officers, he does assert that in 2016 they were convicted of crimes that he contends call into question their credibility. Without knowing the exact date in 2016, it is clear that Plaintiff had one year from that date in 2016, sometime in 2017, within which to timely file his complaint. Plaintiff's complaint was filed in January 2018, beyond the 1-year period of limitations and therefore, is subject to being dismissed as frivolous.

5

## C. *Municipality Liability*

Section 1983, which provides that any person who, under color of state law, deprives another of rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured. 42 U .S.C. § 1983. Section 1983 does not create substantive rights, but only provides a remedy for the rights that it designates. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir.1997). Section 1983 does not provide for vicarious liability. See *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Henley v. Edlemon*, 297 F.3d 427, 431 (5th Cir.2002).

Iberia Parish Government, as a local governing body, is a "person" within the meaning of § 1983 and therefore are subject to suit under that provision. *Monell*, 436 U.S. at 694. However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694. The plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins*, 503 U.S. at 122-24; *Berry*, 670 F.2d at 33-34. Plaintiff cannot simply base his claims generally on the actions or inactions of other individuals. Rather, he must identify a Parish policy, practice or custom which

caused the damage he asserts in the manner contemplated by *Monell*. *See Muller v. St. Tammany Parish*, 2010 U.S. Dist. LEXIS 55394 at *28, 2010 WL 2464802.

In the instant matter, Plaintiff's claims against Iberia Parish Government arise out of actions of their purported employees, the police officers[1]. He has not alleged an unconstitutional policy or custom; rather, he argues that these officers violated his civil rights because they were later convicted of crimes. Therefore, even if timely, any claims against Iberia Parish Government should be dismissed.

### D. *Public Defender and Judge Keith Comeaux*

Plaintiff alleges wrongdoing on the part of his public defender and Judge Keith Comeaux, who allegedly failed to inform of him of his right to seek post-conviction relief. Section 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.1972), cert. denied, 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973). As a matter of law, the acts of an individual's attorney in representing a criminal defendant do not constitute the necessary "state action" for a viable claim under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct.

---

[1] The fact that these officers may be employees of the Iberia Parish Sheriff's Office, not the Iberia Parish Government, is of no moment in this analysis.

445, 70 L. Ed. 2d 509 (1981). Accordingly, any claims against plaintiff's court appointed attorney should be dismissed.

Moreover, Plaintiff's claims against Judge Comeaux arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). The Judge's actions complained of, allegedly not informing Plaintiff of his right to seek post-conviction relief, arise out of his normal judicial functions, in court and were centered on Plaintiff's criminal case pending before him. Therefore, Judge Comeaux would have absolute immunity and Plaintiff's claims would be subject to dismissal.

### *E. Habeas Corpus or Civil Rights*

Finally, in addition to alleging violations of civil rights, Plaintiff challenges the constitutionality of his conviction and asks this Court to grant him "full relief" of same. [Rec. Doc. 12, p. 4, ¶V] Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he was falsely arrested,

convicted, and imprisoned, he has no damages claim against any defendant cognizable under section 1983. See, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.).

### III. *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. §1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

9

**attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 25th day of September, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE